Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

_____Civil_____ Division

Jesse D. Pellow

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Presbyterian Homes INC

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 23-CV-00264
*(to be filled in by the Clerk's Office)*

Judge change
already docketed

Jury Trial: *(check one)*  ☐ Yes  ☐ No

FILED
APR 15 2024
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jesse Darnell Pellow |
| Street Address | 910 Old Route 22 |
| City and County | Duncansville |
| State and Zip Code | PA 16635 |
| Telephone Number | 570-295-5523 |
| E-mail Address | jdpaugustine@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Presbyterian Home at Hollidaysburg |
| Job or Title *(if known)* | |
| Street Address | 220 Newry St |
| City and County | Hollidaysburg |
| State and Zip Code | Pennsylvania |
| Telephone Number | 814-693-4000 |
| E-mail Address *(if known)* | stadams@psl.org |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
28 CFR part 35.134(b) Nondiscrimination on the basis of disability ADA
28 CFR part 36.206 Nondiscrimination on the basis of disability by Public Accomodation ADA
Elder Justice Act Retaliation 2010
42 U.S.C. §2000e-3(a)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Under 42 US Code part 1981a Plantififf is seeking lost pay and emotional damages and for the defendant to drop their criminal complaint made against me

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

see attached

**Jesse Darnell Pellow**  3:23-CV-00264

V.

**Presbyterian Home INC/Presber**

Amended Statement of Claim

## BACKGROUND

What is retaliation? Retaliation was defined by the Supreme Court as an intentional act in response to a protected activity. (*Jackson v Birmingham B.O.E 2005*). The next question then is what is a protected activity and what is a protected class? The question before the court is not whether confirm or not confirm whether not I have autism, which the defendant seems intent on doing. I have been receiving services since middle school and high school. I had a recent psychological evaluation that confirmed it as well. The question of receiving services from the Office of Vocational Rehabilitation was not whether or not I could perform my job duties effectively and safely (which I can), the issue was addressing impediments to be successful in the workplace as far as interpersonal and professional relationships along with effective communication skills. This is what the job coaching through OVR was focused on. This is what my previous employer failed to uphold in their agreement between myself and OVR when I was hired in October of 2022.

Furthermore, according to the *ADA Amendments Act of 2008*, that and I quote, *as a result of these Supreme Court cases (Sutton v United Airlines, Toyota Motor Manufacturing Kentucky v Williams), lower courts have incorrectly found in individual cases that people with a range of substantially limiting impairments are not people with disabilities.* Part of these major life activities include communicating and working. Therefore, the reasonable modifications were not a burden on the defendant. *42 U.S. Code Section 12203* also protects an individual against retaliation. Furthermore, in *Hurtt v Int'l Services INC* the court ruled that the plaintiff had established had made a request in good faith, the accommodation was reasonable, and that his employer had retaliated against him for engaging in a protected act.

So not only is this complaint under the *Americans with Disabilities Act* but there is retaliation under the *Elder Justice Act 2010*. According to amendments to *Part A, title XI of the Social Security Act-Long Term Care Facilities (section 5b)*, 'a long-term care facility may not retaliate against an employee for making a report, causing a report to be made, or taking steps to make a report. Retaliation includes discharge, suspension, threats, harassment, or any other manner of discrimination against the employee. Furthermore, in light of the civil complaint I filed at the Blair County Court of Common Pleas regarding my termination and arrest in December of 2022, an order was issued by the Honorable David Consiglio on April 4th 2024, that *the court finds, in reviewing the facts in the light most favorable to Plaintiff that Plaintiff has sufficiently pled*

*enough to survive preliminary objections on this claim and ordered the defendant to file an answer to the PHRA retaliation claim. (Pellow v Presbyterian Village 2023 GN 1392)* However, I will say that I disagree on numerous statements made by Judge Consiglio regarding the nature of a disability in light of the PHRA's definition of it and if that definition matches what the Supreme Court and the ADA have stated in previous cases regarding the issue.

The facts are these that are pertinent to this complaint. I received an eligibility letter from the Pennsylvania Office of Vocational Rehabilitation on July 24th 2022. On December 5th 2022 I was fired and arrested for harassment out of retaliation by my previous employer, Presbyterian Homes. On December 16th 2022 I filed a discrimination and retaliation complaint with the PHRC and logged with the EEOC. On September 22nd 2023 I received a *Determination and Notice of Rights and Right to Sue* from the EEOC. On November 7th 2023 I had a trial by court at the Blair County Court of Common Pleas where I was not allowed to produce any witnesses or evidence for my defense. On November 7th 2023 I received a guilty verdict from the trial judge. On December 4th 2023 I filed an interlocutory appeal with the Superior Court. On February 12th 2024 I filed an extraordinary relief appeal with the Pennsylvania Supreme Court.

Discovery will show the court that my previous employer retaliated against me engaging in a protected activity and for being in a protected class with there knowledge though they tried to deny that knowledge to the PHRC. Counsel for the defendant has tried multiple times to get this dismissed at the state level by making unfounded claims such as failure to exhaust, no standing, no grounds, failure to conform, and demurrer to retaliation and discrimination. They have tried to make the same arguments in Federal court by trying to delay their response to the now founded claim of retaliation. Therefore the defendant is liable for damages accrued.

## WRONGS COMMITTED BY DEFENDANT

In October of 2022 I was hired as a LPN supervisor by Presbyterian Home at Hollidaysburg. I informed the director that I had autism and that I was currently working through the Pennsylvania Office of Vocational Rehabilitation through a contracted third party for job coaching. Director was agreeable and I introduced her to the third party job coach through email. I also informed the Human Resources Director who said to me, "We don't like working with outside agencies we like to keep it in house." Right of the bat this organization was in violation of the ADA for failing in good faith to work with a reasonable accommodation. Furthermore on my first weekend of orientation on the floor a PCA employee A stated the LPN who was training me in the hallway employee B, "I see how he is, I'm just going to keep to myself." I have never met this individual in my life so I'm not sure how he could have ever known me or of me but he seems to have "known how I was". Counsel for defendant made statements to the PRHC in violation of *PA 4904* when they claimed to the PHRC that defendant was not aware of plaintiff's disability and tried to claim that disability was not a disability under the PHRC. The ADA says differently.

After this encounter with employee A things got worse as this employee was not communicating with me, was spreading gossip to not just other employees but other residents as well. This employee would not even want to be in the nurses station while we were giving report and doing the narcotic shift count. As stated previously I have never met this individual before in my life. I also witnessed him coming out of the director's office on multiple occasions with her shooing him down the hallway to avoid me as I was coming to the office.

After this I emailed the Human Resources Director as well as OVR and the third party job coach about what was going on. Apparently the Personal Care Director was upset that I was doing this because she was apart of this workplace drama that I did nothing to instigate. This activity is covered under the *Americans with Disabilities Act.* In counsels reply to the PHRC they claimed that employee A told them that he would bring resident concerns to me that I ignored. This statement is also a violation of PA 4904. This is a flat out lie because employee A was not even communicating with me in the first place and would text and call the Personal Care Director before coming to me first. As state previously I have never met this individual before. The personal care director was not doing anything about it and in fact was making it worse. I also brought several concerns to the personal care director regarding staff comments being directed towards several male residents that were inappropriate to say the least. This was also not addressed by the director. Myself and employee B also disagreed personal care director regarding the care of another male resident and his shower.

In November of 2022 I witnessed potential neglect of a resident by another PCA, employee C. This employee was also being borderline insubordinate along with employee A. The plaintiff witnessed employee C trying to get resident to the bathroom. Resident was having difficulty and the employee was yelling at her and the resident was crying and anxious. I came into the room to assist and employee C stormed out of the room and was like, "I can't handle her." Employee C did not come back to assist. Resident was left by employee C sitting halfway off her bed, shaking, and drenched with urine. Plaintiff was able to calm resident down and assist her to the bathroom with no issues. Employee C became very unprofessional with me and I informed the Personal Care director that I was having some issues with employee C and that I was going to go to human resources about it. I also emailed my OVR counselor and job coaches about the lack of communication that was going on between myself and the staff at this facility caused by the discrimination and purposeful targeting by employee A. I texted the personal care director as well as informed the Administrator.

On the following day which was a Saturday I get an email from the Administrator saying that since I hadn't returned their calls for a statement I was being suspended because to them sending an email statement wasn't good enough even though their own policy says that statements can be made in writing. Apparently, they also told the Personal Care director to cease communicating with me. This is when I sent communication emails to the defendants regional human resources and the VP of employee relations as well as to the CEO of Presbyterian. I felt like I was being retaliated against by the Personal Care Director for making a good faith complaint of resident

care that I had observed. Long story short is, this is also when I stop receiving communications from the third party job coaches because apparently under testimony at the trial by court on November 7th 2023 the director claims she had multiple conversations with the job coaches without my knowledge. I then get an email from the job coach director to stop contacting my job coach or he'll file a real complaint against me.

After I was reinstated, they claimed to the PHRC that it wasn't a suspension but an administrative leave, but the email I got from the administrator clearly says suspension. Another violation of PA 4904.

After my reinstatement I continued to be a victim of retaliation by employee A and C. Other employees went to the personal care director and claimed that I had an odor, had dirty nails and that my hair wasn't combed. The director said some 'residents' were complaining to though I've never received any complaints about my hygiene anywhere I've worked. I've always been professional and I will bring witnesses to testify for this.

Then of December 4th 2022 the night before I was fired and arrested I was going up to give a male resident a shower. When I came back down a PCA, employee D, was along with employee C making inappropriate sexual comments regarding myself and this male resident who was a male only shower. I texted the personal care director saying that I was having some issues with this employee. She never responded but however apparently sent her home without my knowledge and she didn't even know what was said because she never in bothered asking however during the preliminary hearing the following week the director claimed that 'she was afraid for the safety of the residents and staff'. She offered no proof or evidence to support this claim which is why this is also defamation. This is why I believe this particular staff was sent home.

The next day this plaintiff receives a call to come in early. I came in early and went to the administrators office along with the PC director and the HR director and the VP for employee relations on the phone. I was told I was being terminated because I violated HIPAA, which wasn't the case at all as other staff had mad HIPAA violations as well I have proof of that. They gave me the termination letter. I put my keys on the table, walked out, went back to the nurses station to get my belongings told them I was getting a lawyer and filing a complaint and left.

When I got home I sent several emails to Presbyterian Home's management team and told them I was filing a complaint with the PHRC. They then called the Hollidaysburg police on me to come to my door to tell me to stop communicating with them. I told him all I was doing was filing a complaint. I then texted the director saying they didn't have to call the cops on me because I was filing a complaint against them. The officer comes by again and has me arrested for harassment. As stated previously director made many false statements while under oath at the preliminary hearing including material and character statements.

## GRIEVENCES FOR PLANTIFF

My previous employer and defendant has made it so difficult for me to get a job not only in Hollidaysburg but in Blair County. At an interview at another nursing homes in Hollidaysburg after this happened I was questioned by the DON about events that took place at my previous employer even though I had not told her previously about what happened meaning someone must have told them. They also said that they didn't want any drama. I face toxic work environments at other facilities when I was doing agency for a short time and had to leave because of the continued harassment, discrimination, and purposeful targeting that was occurring. I have not had steady work since because of this incident that occurred at Presbyterian. Also of note, OVR ceased services and communication with me, my job coaches ceased communication with me. Since I have not been able to acquire health insurance I have not been able to get my hearing aid fixed because I have a hearing loss in my right ear. My mother who is retired has been helping me somewhat to pay rent when she can so I don't end up homeless. I am taking part time classes at Penn State Altoona and this purposeful targeting followed me there by several students. I was admitted into the nursing program but had to withdraw mid semester because of the criminal charges had not been resolved. I had been awarded a VA nursing scholarship by the VA because my GPA is a 3.7 but I told them I had to decline because I withdrew from the nursing program because of this continued retaliation. I also have proof that there were ex parte communications between the trial judge at the court of common pleas and staff members at Penn State Altoona. My reputation has been dragged through the mud by these false allegations for simply just trying to do my job to the best of my ability and to ensure that the residents I care for receive the best quality care. I am completing my degree in History instead and will graduate in the Spring of 2025 and which time I may give up nursing entirely because of this pettiness. I worked very hard for my LPN license a lot harder than some people realize. I had to take some classes twice. I received accommodation at Penn College and was successful because I had accommodation. I'm successful in class now because of the accommodation I received. My previous employer in relation with the District Attorney is trying to have my nursing license suspended because they're trying to make me take multiple psychological evaluations even after I already had one done through OVR and was submitted to the Public Defender and court.

## PRIOR ATTEMPTS TO RESOLVE

As stated previously I first attempted to reach out to Presbyterian after I was fired and they would not communicate. I also reached out to OVR and the third party job coaches and they refused to communicate. I then filed a complaint with the PHRC and the EEOC. The PHRC dismissed the complaint claiming I couldn't prove anything which is false because I did have proof, they just ignored it. I attempted to resolve this on the criminal end through the Public Defender and defendant was not willing to even reduce the charges made against me nor was the District Attorney. This is why after I received the right to sue letter by the EEOC I filed a federal complaint under the federal statues for jurisdiction which are listed. I have also filed a extraordinary relief appeal with the Pennsylvania Supreme Court. I also filed a complaint after

the PHRC dismissed my complaint with the Court of Common Pleas. Counsel for the defendant tired to get that dismissed at the magistrate level citing lack of jurisdiction, exhausting, subject matter among other things and they lost and they were ordered by the court to submit an answer to retaliation under the PHRA. There is a conference scheduled for September. I am also working through the Pennsylvania State Department's legal office and hearing examiner to resolve this. So as you can see I have tried every avenue to settle this with defendant but they refuse to do so and in my opinion have not been faithful in making an attempt to do so. Which is why I will be requesting from the court a mediator prior to trial to attempt to work out an agreement between the parties that is beneficial to both without anymore harm to plaintiff.

## RELIEF SOUGHT

I am seeking to have a dialogue again with my previous employer. I am seeking lost wages and additional damages. I am seeking my previous employer to drop their criminal complaint against me and to resolve any employee file issues as it relates to my suspension and termination. I am also seeking education for my previous employer as far as it relates to retaliation under the Americans with Disabilities Act. The statement made by the HR director that says they don't like working with third parties is a violation of the Americans with Disabilities Act. This is my main goal in seeking to educate Presbyterian Homes on employee relations with adults with Autism and other disabilities. I will also be seeking from my previous employer a statement to the Board of Nursing of Pennsylvania regarding this matter and that it was all due to retaliation so that further action against my license to practice ceases as I consider it further retaliation by my previous employer.

## CONCLUSION

I believe I have shown the court, as I showed the court of common pleas of Blair County that I have enough cause for retaliation under the Americans with Disabilities Act. I believe there is enough cause to move this case forward through Accelerated Rehabilitative Disposition. It is necessary at this point to have a federally appointed mediator to work on a conclusion that is beneficial to both parties.

Signed
Jesse Keller
4/12/24

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/11/2024

Signature of Plaintiff: Jesse Darnell Pellow
Printed Name of Plaintiff: Jesse Darnell Pellow

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address