IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE D. PELLOW, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:23-cv-264-KAP |
| PRESBYTERIAN HOMES, | : |
|     Defendant | : |

<u>Memorandum Order</u>

    From the tone and substance of the pleadings filed recently it appears that court-sponsored ADR is a waste of time and resources. The motion at ECF no. 55 for appointment of *pro bono* counsel for ADR is denied. The parties are welcome to pursue their own ADR method at their own expense but I will not waste court time or resources on it.

    The Clerk shall mark as denied what the ECF system considers a motion at ECF no. 58 because, whether considered as an "Addendum/Additional Information/Proposed Order" or as a "First Motion in Limine *statement of claim discovery evidence*," what has been docketed as a motion at ECF no. 58 is words in a row, not a proper motion for relief under the Federal Rules of Civil Procedure. The portion of the pleading referencing a desire for a subpoena seems to indicate that plaintiff desires to compel the attendance of a person at an ADR proceeding. Given the preceding paragraph it does not appear plaintiff needs a subpoena. If he does need a subpoena for some proper purpose he can proceed in compliance with Fed.R.Civ.P. 45.

    Defendant's motion to strike at ECF no. 59 is denied. Plaintiff's irregular pleadings styled as exhibits and addenda, *see* ECF no. 54, ECF no. 58, and most recently ECF no. 62, do not amend the amended complaint at ECF no. 51, nor do they constitute motions to amend the complaint. They have been and will be ignored as pleadings (this does not relieve plaintiff of the duty to comply with Fed.R.Civ.P. 11) but given the ability of litigants using ECF to docket papers without prior quality control, it causes more work than it saves to strike pleadings. If plaintiff's practice of using the docket to think out loud becomes burdensome I will require him to title the pleadings as something other than motions to minimize the waste of time and resources they cause.

    The parties shall follow this pretrial schedule:

    1.    Motions, other than those mentioned in ¶2 and ¶3 below, shall be accompanied by a memorandum of law and responded to within twenty days.

    2.    Discovery shall be completed by October 31, 2024. Discovery motions

should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days. Absent order to the contrary, the filing of a motion to dismiss or motion to compel discovery shall not stay discovery.

      3.      Motions for summary judgment shall be filed on or before November 30, 2024, and shall be responded to by the opposing party within thirty days of filing.

      4.      The dates for filing of pretrial statements and trial shall be scheduled after any dispositive motions have been decided. If no summary judgment motions are filed, plaintiff's pretrial statement shall be filed on or before December 31, 2024, and defendant's pretrial statement shall be filed on or before January 30, 2025.

DATE: July 9, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF, and by U.S. Mail to:

Jesse D. Pellow
910 Old Route 22
Duncansville, PA 16635