IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE D. PELLOW,                : | |
|     Plaintiff              : | |
|    v.                               : | Case No. 3:23-cv-264-KAP |
| PRESBYTERIAN HOMES,    : | |
|     Defendant           : | |

Memorandum Order

    Discovery ends next Thursday. Recent filings from the plaintiff, *e.g.* "FINAL NOTICE TO THE COURT" and "NOTICE TO COURT REGARDING DISCOVERY/DEPOSITIONS," declare that plaintiff will not participate in discovery until he obtains a ruling on his "motions that have been docketed" in this case and on his motion to intervene in Thompson v. Garvey Manor, Case No. 3:24-cv-133-SLH (W.D.Pa.) that is pending before another judge.

    Plaintiff has one motion (singular) pending, not motions (plural). I have no time or duty to comb through final notices or through the notices filed after final notices to see what else plaintiff might consider a motion. The liberal construction with which federal courts read *pro se* pleadings does not imply some privileged status for *pro se* litigants. "At the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Whatever the consequences of plaintiff's decision to not participate in discovery, they call for no reshuffling of my caseload to convenience plaintiff. Nor will I *sua sponte* alter the pretrial schedule.

    The Clerk shall mark as denied the pleading at ECF no. 68 styled "Proposed Order-Discovery" and docketed as "First Motion for Contempt *failure to disclose."* Courts are free to characterize *pro se* motions according to their substance rather than their titles, *see* Moton v. Wetzel, 833 Fed.Appx. 927, 930 (3d Cir. 2020), *citing* Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010) and Lewis v. Attorney General, 878 F.2d 714, 722 n.20 (3d Cir. 1989), and this pleading is best construed as a motion to compel pursuant to Fed.R.Civ.P. 37. As such, it is defective because it simply announces that plaintiff is dissatisfied with defendant's response and does not present me with any interrogatory or response, much less an argument about why the response is inadequate. There is nothing that I can make a ruling on.

    The pleading at ECF no. 69 styled "PLAINTIFF'S MOTION TO HOLD COUNSEL IN CONTEMPT…" and docketed as "BRIEF in Support…" sheds no additional light on any discovery dispute. The pleading requests "an investigation into professional misconduct of counsel for defense" because plaintiff -here and in other pleadings-

1

states his belief that counsel in this case, together with counsel in Thompson v. Garvey Manor, Case No. 3:24-cv-133-SLH (W.D.Pa.), and members of the Office of the District Attorney of Blair County who prosecuted plaintiff in Commonwealth v. Pellow, CP-07-CR-2281-2022 (C.P.Blair), *appeal pending*, 1040 WDM 2024 (Pa.Super.), are acting improperly. Courts do not ordinarily conduct investigations, and plaintiff's conclusory statements present nothing that would call for one.

Defendant's motion for reconsideration, ECF no. 67, is denied. Nothing filed in the last two months calls into question my observation in ECF no. 63 that court-sponsored ADR would be a waste of time and resources.

DATE: October 24, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF, and by U.S. Mail to:

Jesse D. Pellow
P.O. Box 223
Altoona, PA 16603