IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE D. PELLOW, : | |
|     Plaintiff : | |
|     v. : | Case No. 3:23-cv-264-KAP |
| PRESBYTERIAN HOMES, : | |
|     Defendant : | |

<u>Memorandum Order</u>

    Approaching the end of discovery, I directed my courtroom deputy to schedule a status conference by Zoom, for the usual reasons and to discuss the problem made plain by plaintiff's announcement that he would not be participating in discovery or in any status conference except under conditions announced in ECF no. 77, namely having obtained a ruling on his motion to intervene in <u>Thompson v. Garvey Manor</u>, Case No. 3:24-cv-133-SLH (W.D.Pa.) a case that is pending before another judge. I also wanted to clarify whether the pleading at ECF no. 82 styled "CONFLICT OF INTEREST" and docketed as "Motion for Recusal" should be taken as a motion for recusal, and on what grounds.

    The correspondence documenting the attempt to schedule the conference is at ECF no. 84. It makes clear that plaintiff is steadfast in his position as stated in ECF no. 77 and that ECF no. 82 is a motion for recusal. The latter motion is denied. Recusal motions under the appearance of impropriety subsection, 28 U.S.C.§ 455(a), should identify "facts that might reasonably cause an objective observer to question [the presiding judge's] impartiality." *See* <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 865 (1988)(recusal proper where judge in a bench trial sat on the board of trustees of a party negotiating with one of the litigants over property, the ownership of which was at issue in the bench trial); <u>Clemmons v. Wolfe</u>, 377 F.3d 322, 326 (3d Cir.2004)(recusal from habeas proceedings required of a judge who before taking the federal bench presided over the state court criminal proceedings). An innuendo of bias based on a surmise about what the title of my Constitution Day lecture at a local college meant (plaintiff apparently was not there, but if he or anyone else wants a copy of my powerpoint about *Loper-Bright v. Raimondo*, *SEC v. Jarkesy*, and *Trump v. United States* he can have it) or what my acquaintance with Judge Smith might suggest is not sufficient.

    As for the impasse created by plaintiff's unilateral refusal to participate in discovery except under conditions satisfactory to him, it is subject to sanction under Fed.R.Civ.P.37(b)(2)(A), as well as under Fed.R.Civ.P.41(b) as explained in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir.1984) and <u>Hildebrand v.</u>

1

Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019). The analyses of responsibility and alternative sanctions are effectively the same under either rule.

In Poulis v. State Farm Fire and Casualty Co., the Third Circuit listed six factors to consider before imposing sanctions for failures to prosecute: (1) the party's personal responsibility; (2) prejudice to the adversary; (3) any history of delay; (4) whether the conduct at issue was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merits of the claim. The analysis is straightforward here. Proceeding *pro se*, plaintiff is entirely responsible for his litigation tactics, and there is no question they are deliberate and not the subject of misunderstanding. While an inert piece of litigation does not threaten the adversary with judgment, the cost of litigation to defendant does not disappear when a *pro se* plaintiff calls time out. There are no appropriate alternative (i.e. financial) sanctions with an indigent party. The merits are impossible to evaluate because of the very conduct at issue. "At the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Because having a litigant tell the court how pretrial procedure will work is not a feasible way of managing a docket, under Rule 41(b) and Fed.R.Civ.P.37(b)(2)(A)(v), the complaint in this matter is dismissed. Each party will bear its own costs. The defendant's motion to compel, ECF no. 79, is denied as moot.

This is a final appealable order. The Clerk shall mark this matter closed.

DATE: October 30, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel, and by ECF and U.S. Mail to:

Jesse D. Pellow
P.O. Box 223
Altoona, PA 16603